UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

MICHAEL WOODROW PARTIN,

    Petitioner,

v.	No.:	3:10-cv-255
			(VARLAN/GUYTON)

SHERIFF GARY PERKINS, Warden,

    Respondent.

## MEMORANDUM

This is a petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner Michael Woodrow Partin ("Partin"). The matter is before the Court on the motion to dismiss for failure to exhaust state remedies, filed by the Attorney General for the State of Tennessee on behalf of the respondent. Partin has not filed a response to the motion to dismiss and the Court deems petitioner to have waived his opposition to the dispositive motion. *Elmore v. Evans*, 449 F. Supp. 2, 3 (E.D. Tenn. 1976), *aff'd mem.*, 577 F.2d 740 (6th Cir. 1978); E.D.TN. LR7.2. For the following reasons, the motion to dismiss [Doc. 4] will be **GRANTED** and the petition for the writ of habeas corpus will be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state remedies.

Partin filed this petition on June 10, 2010, during his confinement in the Campbell County Jail; he has since been transported to the Sevier County Jail. Partin alleged that he was being held in the Campbell County Jail past his release date of May 4, 2010. According to Partin, after his release date had passed, the facility changed the release date to July 20,

2010, and notified the Sevier County Jail, which had a hold on Partin for a violation. Partin admitted in his petition that he had not filed any petitions or motions in the state courts. The respondent thus moves to dismiss for failure to exhaust state remedies.

A state prisoner's petition for a writ of habeas corpus cannot be granted by a federal court unless the petitioner has exhausted his available state court remedies. 28 U.S.C. § 2254(b)(1)(A). This rule has been interpreted by the Supreme Court as one of total exhaustion. *Rose v. Lundy*, 455 U.S. 509 (1982). Thus, each and every claim set forth in the federal habeas corpus petition must have been presented to the state courts prior to filing the petition in federal court. *Picard v. Connor*, 404 U.S. 270 (1971). *See also Pillette v. Foltz*, 824 F.2d 494, 496 (6th Cir. 1987) (exhaustion "generally entails fairly presenting the legal and factual substance of every claim to all levels of state court review").

A Tennessee prisoner who alleges that his sentence has expired may pursue a declaratory judgment action in state court or a state petition for habeas corpus relief. *Hughes v. Tennessee Dept. of Correction*, 2002 WL 2008706 at *7 (Tenn. App. Sept. 3, 2002). Because Partin did not pursue either of these state remedies, his claim has not been exhausted and is subject to dismissal without prejudice. *See Engle v. Issac*, 456 U.S. 107, 125 n. 28 (1982). In addition, because Partin has now been released from the Campbell County Jail, his habeas petition is moot.

The respondent's motion to dismiss will be **GRANTED** and the petition for the writ of habeas corpus will be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state remedies. A certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253(c). The

Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Partin leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE